# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

William E. Fedele,

    Plaintiff,

  -vs-

INEOS Pigments USA, et al.,

    Defendant.

Case No. 1:24-cv-01225-PAB

JUDGE PAMELA A. BARKER

MEMORANDUM OPINION & ORDER

Currently pending are (1) the Motion to Dismiss of Defendants Gustavo Lopez, Misty Hejduk, Garrick Brant, Lee Smith, Mark McIntyre, and Timothy Moga ("the Individual Moving INEOS Defendants")[1] pursuant to Fed. R. Civ. P. 12(b)(5); and (2) the Motion to Dismiss of Defendant Dr. Nathaniel Franley ("Dr. Franley") pursuant to Federal Rules of Civil Procedure Rules 12(b)(5) and

---

[1] The Court uses the term "Individual Moving INEOS Defendants" to refer to Defendants Gustavo Lopez, Misty Hejduk, Garrick Brant, Lee Smith, Mark McIntyre, and Timothy Moga to distinguish them from (1) INEOS, which was never served and did not join in the Motion; (2) Defendants Coyle and Griswald, who are unrepresented and did not join in the Motion, and (3) Dr. Franley, who obtained other counsel and filed a separate motion. (Doc. Nos. 19, 21). The Court further notes that, in the Motion, counsel for the Individual Moving INEOS Defendants, Attorney Aretta Bernard, states that she "anticipate[s] that they will represent Defendants Ronald Coyle and Christopher Griswald and are in the process of formalizing such representation." (Doc. No. 19 at PageID# 94, n.1.) Attorney Bernard therefore requests that the Motion "apply to all named Defendants who were purportedly served on August 14." (*Id*.) Yet, as of the date of this Memorandum Opinion & Order, the docket reflects that counsel for the Individual Moving INEOS Defendants have not entered an appearance for either Defendant Coyle or Defendant Griswald. Attorneys cannot generally file motions on behalf of parties they do not represent. Thus, the Court will not construe the Individual Moving INEOS Defendants' Motion to Dismiss as being filed on behalf of Defendants Coyle and/or Griswald. Nevertheless, and as discussed in Section III.D., *infra*, the Court will *sua sponte* quash Fedele's attempts to serve Defendants Coyle and Griswald since the service defects raised in the pending Rule 12(b)(5) Motions apply with equal force to Defendants Coyle and Griswald. *See, e.g.*, *Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 U.S. Dist. LEXIS 57971 at *9 (D. Nev. Apr. 23, 2013) ("Thus, [the] Court will *sua sponte* quash service as to Defendant Crystals at City Center under Rule 12(b)(5)."); *Robinson v. Heritage Elem. Sch.*, 2009 U.S. Dist. LEXIS 50396 at *1 (D. Ariz. June 2, 2009) ("[T]he Court will *sua sponte* quash Plaintiff's ineffective service on Defendants[.]").

12(b)(6). (Doc. Nos. 19, 21.) Both Motions were filed on October 4, 2024. (Doc. Nos. 19, 21.) On October 18, 2024, *pro se* Plaintiff William E. Fedele filed a joint Brief in Opposition to both Motions. (Doc. No. 23.) On October 30, 2024, the Individual Moving INEOS Defendants and Dr. Franley each filed Reply Briefs in support of their respective Motions to Dismiss. (Doc. Nos. 24, 25.) Without seeking leave of Court, Fedele filed two Sur-Replies.[2] (Doc. Nos. 26, 27.)

For the following reasons, the Court construes the Defendants' Motions brought pursuant to Fed. R. Civ. P. 12(b)(5) as Motions to Quash the Service of Summons and GRANTS the Motions so construed, as set forth herein. In addition, the Court DENIES WITHOUT PREJUDICE the Rule 12(b)(6) portion of Dr. Franley's Motion and permits Dr. Franley to refile the Motion pursuant to Rule 12(b)(6) if Fedele properly serves Dr. Franley and files a return of service executed on the docket.

## I.     Background

### A.     Relevant Factual Allegations[3]

On July 18, 2024, Plaintiff William Fedele (hereinafter "Plaintiff" or "Fedele") filed a *pro se* Complaint in this Court against (1) INEOS Pigments USA ("INEOS"), (2) INEOS Chief Executive Officer ("CEO") Ron Coyle, (3) INEOS Director of Operations Lee Smith, (4) INEOS Human Resources/Labor Relations Manager Gustavo Lopez, (5) INEOS Operations and Maintenance

---

[2] Neither the Federal Rules of Civil Procedure nor this Court's Local Civil Rules authorize parties to file sur-replies without leave of Court. *See Vaillancourt v. IBEX Glob. Sols., Inc.*, 2024 U.S. Dist. LEXIS 119699 at *16 (N.D. Ohio July 9, 2024); N.D. Ohio Loc. R. 7.1. In light of Fedele's *pro se* status, and because the Defendants did not move to strike his filings, the Court will nonetheless consider Fedele's Sur-Replies. However, in the future, Fedele is reminded that he must seek leave before filing any additional brief after filing his initial brief in opposition.

[3] As it not necessary to the resolution of the instant Motions to Dismiss, the Court does not recite in detail Fedele's factual allegations. Rather, the Court provides a summary of Fedele's allegations only as necessary to provide context for the pending Motions.

2

Manager Mark McIntyre, (6) INEOS Human Resource Business Partner Misty Hedjuk, (7) INEOS Occupational Health Coordinator Tim Moga, (8) Ashtabula Plant 2 South Operations Superintendent Garrick Brant, (9) INEOS Operations Supervisor Chris Griswald, and (10) INEOS Medical Director Dr. Nathaniel Franley. (Doc. No. 1 at PageID#s 1-2.)  Therein, Fedele alleges the following facts.

Defendant INEOS is a chemical manufacturing company that operates facilities that involve "extreme heat, cold, hazardous chemical vapors, and dusty environments."  (*Id*. at PageID# 15.) Fedele began working for INEOS as a chemical technician/operator on July 23, 2007.  (*Id*. at PageID#s 15-17, 19.)  As a chemical operator, Fedele "needed to climb ladders and ascend and descend down several flights of stairs routinely every hour, every day." (*Id*. at PageID# 3.)  In August 2016, Fedele suffered a "heart related incident" and was out of work for a month.  (*Id*. at PageID#s 3-4.)  Defendants had full knowledge of Fedele's condition.  (*Id*. at PageID# 4.)

After the Omicron variant of COVID-19 appeared in the fall of 2021, INEOS sent "a series of emails . . . to employees targeting and discriminating against the unvaccinated." (*Id*.)  Specifically, on approximately November 12, 2021, Defendant Coyle (then-CEO of INEOS) sent an email "threatening the livelihood of unvaccinated employees, [a] $200 increase in insurance premiums and disciplinary actions including termination."  (*Id.* at PageID# 15.)  The following day, INEOS's Ashtabula Leadership Team "sent out an email discriminating against unvaccinated employees." (*Id*.) Additionally, at an unspecified time, Defendant Coyle transmitted an email to INEOS employees that Defendant INEOS had "created a new policy within the company that all employees had to be vaccinated or be subjected to a strict mask mandate[.]"  (*Id.* at PageID# 25.)  Pursuant to this policy, Fedele's supervisor, Defendant Griswald, ordered Fedele "to call [INEOS Human Resources

Business Partner] Misty Hedjuk if Plaintiff arrived at work without wearing a mask." (*Id.* at PageID# 19.)

Fedele alleges that he "reached out to INEOS for an accommodation from wearing a mask, due to the fact that it caused difficulty breathing and created anxiety due to a change in breathing cadence." (*Id*. at PageID# 4.)  Specifically, "on or before" November 13, 2021, Fedele mentioned to his supervisor, Defendant Griswald, that he would seek "a medical exemption for accommodation." (*Id.* at PageID#s 3-4, 15, 21.)  Sometime before November 28, 2021, Fedele obtained a "note by [his] Primary Care Physician," but INEOS's Occupational Health Coordinator, Defendant Moga, told Fedele that "the note was not going to be accepted." (*Id.* at PageID# 16.)[4]  On November 29, 2021, Fedele "was to have a meeting with the Medical Director, Defendant Dr. Nathaniel Franley, to discuss his medical condition," but Dr. Franley "breached his duty as medical director and declined to meet with the Plaintiff on 29 November 2021." (*Id.*)  Instead, Dr. Franley "informed human resources that there was nothing in Plaintiff's medical file which would exempt him from obtaining accommodation." (*Id*. at PageID# 4.)

On December 7, 2021, Fedele's physician, Dr. Agustus Beck, "called and spoke to Defendant Dr. Franley and sent a note which read 'Please excuse [Fedele] from wearing a mask due to his history of heart failure.'" (*Id*. at PageID# 16.)  Thereafter, Fedele received a call from non-party Advanced Cardiovascular Center informing him that Dr. Beck "called INEOS Pigments USA Inc['s] medical director [i.e., Dr. Franley] and sent a note supporting him and heI [sic] was 'good to go.'" (*Id.*)

---

[4] Fedele references ten (10) Exhibits throughout the Complaint, but a review of the Complaint and the docket reveals that Fedele failed to file any of the referenced  Exhibits.  (Doc. No. 1.)

4

On December 9, 2021, Fedele returned to work for his scheduled shift, but when he removed his mask to drink coffee, Defendant Griswald "issued a verbal warning" to Fedele "for not complying with the mask rule."[5]  (*Id.* at PageID# 17.)  On December 10, 2021, Fedele "was targeted again and instructed to report to the conference room, where a prepared disciplinary document was waiting," and "upon investigation," INEOS suspended his employment.  (*Id.*)  On December 17, 2021—with no further investigation into Fedele's heart condition or his request for an accommodation—INEOS terminated Fedele for "insubordination."  (*Id.*)  On March 9, 2022, INEOS "decided to end the mask mandate."  (*Id.*)

On approximately April 1, 2022, Fedele filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  (*Id*. at PageID# 18.)  INEOS's attorney, James Koutras, Esq., subsequently "filed a position statement based on hearsay to the EEOC," but Fedele's Complaint herein does not describe the result of the EEOC proceedings beyond providing that the EEOC issued Fedele a right to sue letter.  (*Id.*)  Fedele also filed a complaint with, and received a right to sue letter from, the Ohio Civil Rights Commission.  (*Id.*)

### B.    Procedural History

#### 1.  Service

On July 18, 2024, Fedele filed his *pro se* Complaint in this Court, asserting the following five claims for relief: (1) Conspiracy and Deprivation of Rights under 18 U.S.C. § 241 and 42 U.S.C. § 1983; (2) Discrimination and Retaliation under 42 U.S.C. § 2000(e); (3) Fraud under Ohio Rev. Code

---

[5] At another point in the Complaint,  however, Fedele alleges that "Defendant Chris Griswald never gave Plaintiff a direct order, he just informed Plaintiff he was instructed to give him a verbal warning for not having a mask on."  (*Id*. at PageID# 5.)

§ 2913.01; (4) "Breach of Duty and Quackery Fraud";[6] and (5) Negligent Infliction of Emotional Distress. (*Id.* at PageID#s 19-29.) Fedele seeks "actual, general, special, and compensatory damages in the amount of $11,700,000.00 and further demand[s] judgement against the defendants for punitive damages in an amount to be determined by the jury, plus the cost of this action, and such other relief deemed to be just, fair, and appropriate." (*Id.* at PageID# 28.)

With his Complaint, Fedele filed applications for Summonses against each Defendant—except INEOS. (Doc. No. 1-2 at PageID#s 34-42.) Each application provides space for Fedele to direct the Summons to a particular Defendant at a particular address, listing "To: *(Defendant's name and address)*." (*See, e.g.*, *id.* at PageID# 34.) In each such space, Fedele typed the name of a Defendant, but the address he listed on each application was "c/o James Koutras, INEOS's "Vice President – Legal Affairs and Secretary." (*Id.* at PageID#s 34-42; *see also* Decl. of James Koutras (Doc. No. 19-1) at PageID# 101.) Specifically, each Summons application was completed as follows:

> [Name of Defendant]
> c/o James Koutras Esq.
> 6752 Baymeadow Drive
> Glen Burnie MD 21060

(Doc. No. 1-2 at PageID#s 34-42.)

On July 18, 2024, the Court processed his applications and issued the Summonses for service upon each of the named Defendants (except INEOS) at Attorney Koutras's listed address in Maryland. (Doc. No. 2.) On August 9, 2024, the Clerk of Courts sent each Summons and Complaint by certified mail to the address Fedele provided, i.e., Attorney Koutras's Maryland address. (Non-Doc. Entries dated Aug. 9, 2024.) On August 20 and 21, 2024, the Clerk filed a Return of Service

---

[6] Fedele properly lists his five causes of action in his "Introduction," but he misnumbered his fourth claim for "Breach of Duty and Quackery Fraud" as "Count III." (*Compare* Doc. No. 1 at PageID# 2 *with* Doc. No. 1 at PageID# 24-26.)

executed upon each named Defendant (again, except INEOS) but signed by an individual identified as Robert Harnsberger, not Attorney Koutras.  (Doc. Nos. 3-10, 12; Doc. No. 21 at PageID# 109.)

## 2.  Motions

On October 4, 2024, the Individual Moving INEOS Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5).  (Doc. No. 19.)  Therein, they seek an Order "dismissing all claims alleged against them as a matter of law."  (Doc. No. 19.)  They contend that service on them is insufficient under Fed. R. Civ. P. 4 because Attorney Koutras did not sign the service receipts and that, even if he had, he "has never been the authorized agent . . . to receive service of process on behalf of any of the Defendants named in this matter."  (*Id.* at PageID# 97.)  The Individual Moving INEOS Defendants further argue that "none of [the] Defendants maintained an office or regularly conducted business or were employed at [Attorney Koutras's address, i.e., ] 6752 Bay Meadow Drive, Glen Burnie, MD 21060." (*Id.* at PageID# 98.)  Attached to their Motion is a Declaration by Attorney Koutras in which he avers that Defendants Coyle, Smith, McIntyre, Moga, Griswald, and Dr. Franley were not even employed by INEOS when Fedele filed the Complaint.[7]  (*Id.* at PageID#s 101-103.)

Also on October 4, 2024, Dr. Franley filed a "Motion to Dismiss Plaintiff's Complaint" pursuant to both Rules 12(b)(5) and 12(b)(6).  (Doc. No. 21 at PageID# 107.)  In his Motion, Dr. Franley first raises the same insufficiency of service under Rule 4 arguments made by the Individual Moving INEOS Defendants in their Rule 12(b)(5) Motion.  (*Id.* at PageID#s 111-112.)  Dr. Franley then maintains that Fedele's claims are subject to dismissal under Rule 12(b)(6), because (1) they are time-barred by Ohio Rev. Code § 2305.113(E)(3)'s one-year statute of limitations, and (2) Fedele

---

[7] Attorney Koutras acknowledges, however, that Defendants Lopez, Hedjuk and Brant remain employed at INEOS.  (*Id.*)

insufficiently pled his claims by failing to include an "affidavit of merit" under Ohio Civ. R. 10(D)(2) with his Complaint.  (*Id.* at PageID#s 112-115.)

On October 18, 2024, Fedele filed a Brief in Opposition to  the Defendants' Motions to Dismiss.  (Doc. No. 23.)  Therein, Fedele admits that he "is fully aware that the Defendants are not and have never been employed at James G. Koutras, Esq.'s office, located at 6752 Baymeadow Drive, Glen Burnie, Maryland USA 21060." (*Id.* at PageID# 120; Doc. No. 24 at PageID# 128.)  He justifies delivering the Summonses to Attorney Koutras on the basis that Attorney Koutras filed the Defendants' position statements in the EEOC and Ohio Civil Rights Commission proceedings.  (Doc. No. 23 at PageID#s 120-121.)  Fedele further defends his manner of service procedure by noting that he deferred to "a member of the court filing department to send all summons to the acting attorney." (Doc. No. 23 at PageID# 120.)  Fedele does not, however, challenge the Defendants' argument that service on Attorney Koutras is improper under Rule 4, and instead he "respectfully moves the honorable court to deny the motion to dismiss and grant additional time to the Plaintiff to serve the summons properly to the accurate individual addresses and or to the now acting counsel(s), Aretta K. Bernard and Jason P. Ferrante." (*Id.* at PageID# 123.)

On October 30, 2024, the Individual Moving INEOS Defendants and Dr. Franley each filed Replies.  (Doc. Nos. 24, 25.)  The Individual Moving INEOS Defendants' Reply points out that Fedele neglected to rebut their contention that service was improper or otherwise "dispute any of the legal arguments set forth in Defendants' Motion to Dismiss," thereby essentially conceding that Attorney Koutras lacked authority to receive service on behalf of the Individual Moving INEOS Defendants.  (Doc. No. 24 at PageID# 127.)  They also highlight that Fedele failed to meet the 90-day window provided by Fed. R. Civ. P. 4(m), which elapsed on October 16, 2024. (*Id.* at PageID#

8

128.)  Dr. Franley's Reply reiterates the same arguments regarding service made in his Motion.  (Doc. No. 25 at PageID#s 131-132.)

On October 30, 2024, Fedele filed two Sur-Replies, one directed at the Individual Moving INEOS Defendants' Reply and another at Dr. Franley's Reply.  (Doc. No. 26, 27.)  Therein, Fedele states that counsel for the Individual INEOS Moving Defendants (Attorney Bernard) "understands the Plaintiff is not an attorney and she is attempting to dismiss this case not on what the case is about, but by a service error."  (Doc. No. 26 at PageID# 136.)  In both of his Sur-Replies, Fedele largely reiterates the bases for his belief that Attorney Koutras was the attorney for the Individual Moving INEOS Defendants and Dr. Franley, i.e., that Attorney Koutras appeared at the EEOC and Ohio Civil Rights Commission proceedings.  (Doc. No. 26, 27.)

## II.    Fed. R. Civ. P. 12(b)(5) Legal Standard

"The requirement of proper service of process is not some mindless technicality."  *Vargo v. Graves*, 2024 U.S. Dis. LEXIS 211141 at * 5 (M.D. Tenn. Oct. 21, 2024) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).  It "goes to the very heart of a court's ability to hear a case."  *Vargo*, 2024 U.S. Dist. LEXIS 211141 at *5-6.  That is why courts "ordinarily may not exercise power over a party the complaint names as defendant" without service of process on that defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also King v. Taylor*, 694 F.3d 650, 655-656 (6th Cir. 2012).  Put differently, before this Court can adjudicate the merits of the allegations in a plaintiff's complaint, the plaintiff must sufficiently serve both the summons and the complaint on each defendant.  *See King*, 694 F.3d at 655.

The Federal Rules of Civil Procedure specify Rule 12(b)(5) as the procedural vehicle through which defendants can vindicate their right to "be brought into the litigation by official service,"

9

*Murphy Bros., Inc.*, 526 U.S. at 350, because that Rule allows the Court to dismiss claims for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Indeed, the "[t]he appropriate method for addressing insufficient service of process is by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5)." *Fedorova v. Foley*, 2023 U.S. Dist. LEXIS 139490 at *6 (W.D. Mich. Apr. 26, 2023).

The plaintiff bears "the burden of perfecting service of process and showing that proper service was made." *Tepe v. Whirlpool Corp.*, 2023 U.S. App. LEXIS 13818 at *2 (6th Cir. June 2, 2023) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). To determine "whether plaintiffs have met this burden," courts examine "'record evidence' and 'uncontroverted affidavits.'" *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1069 (S.D. Ohio 2022) ("[A] court may look outside the pleadings to determine whether this showing has been made.").

Finally, "[i]n resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court may construe such a motion as a motion to quash service." *Fedorova*, 2023 U.S. Dist. LEXIS 139490 at *7 (citing *Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-343 (W.D. Tenn. 2004)). District courts within the Sixth Circuit have concluded that under Rule 12(b)(5), the Court "has discretion to either dismiss the action ***or quash service and retain the case***."[8]

---

[8] Even outside of the Sixth Circuit, district courts acknowledge the Court's discretion to quash service without dismissing the entire action under Rule 12(b)(5). *See e.g.*, *Hernandez-Reyes v. Bio-Medical Applications of P.R., Inc.*, 2023 U.S. Dist. LEXIS 53000 at *5-6 (D.P.R. Mar. 27, 2023) ("[A] great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process.") (citations omitted); *Bullock v. Hana Indus.*, 2024 U.S. Dist. LEXIS 25374 at *4 (D.D.C. Feb. 14, 2024) ("Although the Court declines to dismiss Bullock's action under Federal Rule of Civil Procedure 12(b)(5), it will quash service and instruct Bullock to serve the defendants properly within thirty days."); *Patel-Julson*, 2013 U.S. Dist. LEXIS 57971 at *8 ("[T]he Court will exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the case."); *Fitzsimmons v. Stuckey*, 2024 U.S. Dist. LEXIS 79227 at *8 (M.D. Pa. May 1, 2024) ("In lieu of dismissal, however, a court may, in its discretion, quash service of process and allow for an additional attempt at service."); *J&J Sports Prods., Inc. v. Bundee's, Inc.*, 2019 U.S. Dist. LEXIS 176856 at *4 (E.D. La.

*See e.g.*, *Durham v. Niffenegger*, 2021 U.S. Dist. LEXIS 223346 at *7 (S.D. Ohio Sep. 17, 2021) (quoting *Young's Trading Co.*, 222 F.R.D. at 342-343) (emphasis added); *Woodcock v. Correct Care Sols., LLC*, 2018 U.S. Dist. LEXIS 86232 at *9 (E.D. Ky. May 23, 2018) (same); *Lorenz v. Lorenz*, 2021 U.S. Dist. LEXIS 104455 at *3 (E.D. Mich. May 11, 2021) (same).

## III.    Analysis

When determining if the plaintiff sufficiently served the defendants, federal courts look to Rule 4 of the Federal Rules of Civil Procedure. *See Waseleski v. City of Brooklyn*, 2024 U.S. Dist. LEXIS 74183 at *8 (N.D. Ohio Apr. 24, 2024) ("Rule 12(b)(5) permits parties to move for dismissal based on insufficient service of process, while Rule 4 sets forth the requirements for proper service of process."). The Individual Moving INEOS Defendants and Dr. Franley are all individuals, so service on them is governed by Rule 4(e). *See* Fed. R. Civ. P. 4(e). Rule 4(e) allows plaintiffs to perfect service pursuant to either federal or state service procedures. *See id.* For the following reasons, the Court finds that Fedele did not comply with either one.

### A.    Fedele failed to serve any of the moving Defendants by the available federal methods of service set out in Rule 4(e)(2).

Rule 4(e)(2) provides three catch-all mechanisms for the plaintiff to effectuate service of process on an individual:

> (A)    delivering a copy of the summons and of the complaint to the individual personally;
>
> (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

Oct. 11, 2019) ("Under Rule 12(b)(5), the Court has discretion to either dismiss the plaintiff's complaint for failure to effect service or to quash the service of process if the Court determines the defendant was not properly served.").

Fed. R. Civ. P. 4(e)(2)(A)-(C). Here, Fedele did not perfect service by any of the above methods. Indeed, Fedele concedes in the first sentences of his Brief in Opposition that he could not perfect service under Rule 4(e)(2)(A) because he "had no reasonable ability and made a concerted effort to obtain each individual Defendant's personal addresses[.]" (Doc. No. 23 at PageID# 120.) He has likewise not established proper service under Rule 4(e)(2)(B) because he has not shown that 6752 Baymeadow Drive, Glen Burnie, MD 21060 is the location of any of the Defendants' "dwelling or usual place of abode," or that "Robert Harnsberger," who signed each return, is a person "of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

Instead, Fedele merely argues that he understood that Attorney Koutras was the attorney for Individual Moving INEOS Defendants and Defendant Dr. Franley. (Doc. No. 23 at PageID# 120 n.1.)[9] This argument is without merit. Whether Attorney Koutras was ever counsel for any of the INEOS Defendants and/or Dr. Franley is irrelevant. And even if he was, the attorney-client relationship does not automatically imply authority to "receive service of process" on behalf of a Defendant under Rule 4(e)(2)(C). *See, e.g.*, *Harris v. Smith*, 2023 U.S. App. LEXIS 8152 at *5 (6th Cir. Apr. 5, 2023) ("Counsel's authority to represent a client does not, by itself, include the authority to receive service of process, even if counsel has broad powers to represent the client in litigation."); *Murray v. Wiggins*, 2021 U.S. Dist. LEXIS 157946 at *13 (M.D. Tenn. Aug. 3, 2021) (quoting *Greer v. Swift*, 2018 U.S. Dis. LEXIS 224129 at *2 (M.D. Tenn. Nov. 16, 2018)) ("Proof of an attorney-client relationship, even one in the action in question, is not sufficient to show that service through

---

[9] Fedele offers that he "delivered the summons to James G. Koutras, Esq." because Attorney Koutras had been "representing the Defendants" in the EEOC and Ohio Civil Rights Commission proceedings and had communicated to Fedele that the Defendants "were not obligated to respond to the Plaintiff's affidavits." (*Id.*) Fedele asserts that Attorney Koutras, "up until September 4, 2024 (to the Plaintiff's knowledge), had been representing and speaking on behalf of the Defendants." (Doc. No. 23 at PageID# 120, n.1.)

12

an attorney is proper."); *Keyes v. Banks*, 2019 U.S. Dist. LEXIS 247230 at *1 (E.D. Ky. Jan. 3, 2019) (citing *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)) ("[A]n attorney who represents a party in a case does not thereby become his or her agent to receive service of process even in that case itself, let alone any other case.").

In his sworn Declaration, Attorney Koutras confirms that he could not have accepted service on behalf of any of the Defendants in this action, writing "I am not and have never been an authorized agent by appointment or by law to receive service of process on behalf of any of the Defendants named in this matter." (Doc No. 19-1 at PageID# 101.)  Moreover, although Fedele has alleged that Attorney Koutras was the attorney for the Individual Moving INEOS Defendants and Defendant Dr. Franley, the only evidence presented shows that Attorney Koutras represented *INEOS* as its "Vice President – Legal Affairs and Secretary for INEOS Pigments USA Inc," not that Attorney Koutras was an attorney for any of the moving Defendants. (*Id.*)  And even if he was, that representation does not carry with it an authorization to accept service on the Defendant's behalf in a related legal proceeding.  Accordingly, the Court finds that serving the Summonses and Complaints for the Individual Moving INEOS Defendants and Defendant Dr. Franley  on Attorney Koutras is insufficient to satisfy the service method set forth in Rule 4(e)(2)(C).

Thus, and for all the reasons set forth above, the Court finds that Fedele has not shown that he "personally" served the Individual Moving INEOS Defendants or Defendant Dr. Franley , served them at their "dwelling or usual place of abode," or that he served an agent "authorized by appointment or by law to receive service of process" on their behalf.  Fedele has therefore failed to demonstrate proper service on either Individual Moving INEOS Defendants or Defendant Dr. Franley under Rule 4(e)(2).

**B.**     **Fedele failed to serve any of the moving Defendants under Ohio's service requirements as incorporated through Rule 4(e)(1).**

Rule 4(e) incorporates state law by allowing the plaintiff to follow the state service procedures of the "state where the district court is located" or of the state where "service is made."  Fed. R. Civ. P. 4(e)(1).  Because this Court sits in Ohio and Fedele attempted to serve the moving Defendants in Maryland, service on the moving Defendants is proper under either Ohio's or Maryland's service procedures.[10]   However, this makes no difference to the outcome because Ohio's service statute largely mirrors Rule 4(e)(2)(A).  *See* Ohio R. Civ. P. 4.2(A) ("Service of process . . . shall be made as follows: (A) Upon an individual, other than a person under sixteen years of age or an incompetent person, by serving the individual[.]")  The moving Defendants correctly point out that Ohio R. Civ. P. 4.2(A) "does not contemplate sending service of process through an agent or third party, as demonstrated by the rule's express allowance for service on a guardian or agent in certain circumstances but omitting that exception for an individual under division (A) of the rule." *Continuum Transp. Servs., Ltd.. v. Elite Int'l Corp., LLC*, 2024-Ohio-340, ¶ 13 (Ohio Ct. App. 2024). In other words, "[u]nlike its federal counterpart, [Ohio R. Civ. P.] 4.2(A) does not include express authorization for service of process on an individual to be made through that individual's agent." *Id.* at ¶ 14.  As noted above, Fedele concedes that he did not serve the Individual Moving INEOS Defendants or Defendant Dr. Franley personally.  (Doc. No. 23 at PageID# 120.)  Thus, he did not properly serve them under Ohio law either.

---

[10] The parties did not brief the application of Maryland law.  But applying Maryland law would not change the result because "[t]he Maryland rules of service directly parallel Rule 4(e)(2): individuals can be served personally or at their home upon a resident of suitable age and discretion, Md. R. Civ. P. Cir. Ct. 2-121(a), or via an agent authorized by law or appointment to accept service." *Felix v. Sun Microsystems, Inc.*, 2004 U.S. Dist. LEXIS 7508 at *6 (D. Md. Apr. 12, 2004) (citing Md. R. Civ. P. Cir. Ct. 2-124(b)).

14

Because Fedele did not properly serve the Individual Moving INEOS Defendants or Defendant Dr. Franley but instead served only non-party Attorney Koutras, the Court finds that Fedele failed to meet his burden to show that he perfected service on the Individual Moving INEOS Defendants and Defendant Dr. Franley pursuant to the available service methods provided by Rule 4(e). Accordingly, the Court finds that Fedele's attempted service must be quashed for lack of compliance with Rule 4(e).

### C.    Good Cause for Extension

Because the Court quashes Fedele's only attempted service during the permitted 90-day service window, Fedele may only try again if the Court extends his service deadline. Rule 4(m) provides in relevant part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **_But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period._**

Fed. R. Civ. P. 4(m) (emphasis added). Ordinarily, the plaintiff must file a motion to extend the time limit for service, rather than wait for the period to elapse. But *pro se* filings are "liberally construed" and held to a "less stringent standard." *See Mayes v. Warden, Chillicothe Corr. Inst.*, 2024 U.S. Dist. LEXIS 111599 at *2 n.1 (S.D. Ohio June 25, 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Although he did not file a separate, formal motion, Fedele has "moved this honorable court under his right to *Due Process and Redress of Grievance* to deny Defendants['] motion to dismiss and to move forward with this case and or grant additional time to properly serve the Defendants."

15

(Doc. No. 26 at PageID# 138.)[11]  The Court therefore construes the remarks at the end of Fedele's Sur-Replies as a Motion for Extension of Time to Perfect Service on the individual Defendants.  *See, e.g.*, *Dunlap v. Lew*, 2016 U.S. Dist. LEXIS 183917 at *1 (S.D. Ohio June 14, 2016) (construing *pro se* plaintiff's filing titled "Void Judgement" as a "Motion for Reconsideration of the Court's Opinion and Order.");  *Hyde v. Reed*, 2022 U.S. Dist. LEXIS 245367 at *1 (M.D. Pa. Mar. 9, 2022) (construing a "'short note' submitted by the *pro se* plaintiff" as a "a motion for leave to amend his complaint.").

Under the plain terms of Rule 4(m), "[i]f the plaintiff shows good cause for not effecting timely service of process, then extending the time for service is mandatory."  *Thul v. Haaland*, 2023 U.S. App. LEXIS 5046, at *6 (6th Cir. Mar. 1, 2023) (citing *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022)).  "Good cause" under Rule 4(m) means "a reasonable, diligent effort to timely effect service."  *Thul*, 2023 U.S. App. LEXIS 5046 at *6 (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)).  The Sixth Circuit has noted that it is "reluctant to disturb a district court's 'discretionary determination' of whether good cause has been shown."  *Zareck v. Corr. Corp.*, 2022 U.S. App. LEXIS 22305 at *6-7 (6th Cir. Aug. 9, 2022) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).  The critical inquiry to determine when a set of circumstances constitutes "good cause" is whether "something outside the plaintiff's control prevents timely service."  *Savoie v. City of E. Lansing*, 2022 U.S. App. LEXIS 23854 at *10 (6th Cir. Aug. 24, 2022).  Thus, plaintiffs have established good cause where

> the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se* or *in forma pauperis*.

---

[11] Fedele altered his request slightly in his Sur-Reply to Dr. Franley's Reply Brief, writing that he sought additional time to properly serve **all** Defendants."  (Doc. No. 27 at PageID# 141.)

4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed.). While "it is worth remembering that Rule 4(m) should be construed leniently by courts dealing with *pro se* litigants[,]" *Warner v. Evans*, 2009 U.S. Dist. LEXIS 93815, at *9 (E.D. Ky. Oct. 5, 2009), "[p]ro se status . . . is not automatically enough to constitute good cause for purposes of Rule 4(m)." Wright & Miller, *supra*, § 1137.

For instance, the court in *Gabriel v. W. Express Trucking Co.*, 2023 U.S. Dist. LEXIS 64958 (M.D. Tenn. Apr. 13, 2023) granted in part the *pro se* plaintiff's July 19, 2022 motion to extend the service deadline under Rule 4(m) "'recognizing Gabriel's *pro se* status and his efforts in filing the motion to extend the service deadline,' and [the court] exercised its discretion under Rule 4(m) to extend the service deadline to August 16, 2022." *Id.* at *2. But when the new August 16, 2022, deadline elapsed and Gabriel "still ha[d] not taken the first step of requesting a summons for [the defendant] or made any other efforts to effect service[,]" the court concluded that Gabriel had "not demonstrated good cause for a further extension of time to complete service under Rule 4(m)." *Id.* at *6-7.

Here, the Court finds that Fedele has shown good cause for an extension of time to serve the Individual Moving INEOS Defendants and Defendant Dr. Franley. Like the plaintiff in *Gabriel*, Fedele is *pro se* and moved for an extension. The court in *Gabriel* denied a second extension after the plaintiff let the extended deadline pass without even "requesting a summons," *Gabriel*, 2023 U.S. Dist. LEXIS 64958 at *6, but Fedele has properly requested Summonses for each individual Defendant. (Doc. No. 1-2 at PageID# 34-42.) Fedele's status as a *pro se* litigant combined with his good-faith and diligent attempt to perfect service weigh in favor of finding "good cause" for an

17

extension to serve the Individual Moving INEOS Defendants and Defendant Dr. Franley.[12]
Accordingly, the Court will allow Fedele an extension of thirty (30) days from the date of this Order
(i.e., until February 7, 2025) to properly serve the Individual Moving INEOS Defendants and Dr.
Franley, and file proof of service returned executed as to these Defendants on the docket.

### D. Defendants Coyle and Griswald

As previously noted, in the Individual Moving INEOS Defendants' Motion, Attorney
Bernard states that she "anticipate[s] that they will represent Defendants Ronald Coyle and
Christopher Griswald and are in the process of formalizing such representation" and requests that the
Motion "apply to all named Defendants who were purportedly served on August 14." (Doc. No. 19
at PageID# 94, n.1.) Attorney Bernard, however, has not entered an appearance for either Defendant
Coyle or Defendant Griswald. Because attorneys cannot generally file motions on behalf of parties
they do not represent, the Court declines to impute the Individual Moving INEOS Defendants'
Motion to Defendants Coyle and Griswald. Nevertheless, the service defects raised in the pending
Rule 12(b)(5) Motions apply equally to Defendants Coyle and Griswald,[13] so the Court exercises its

---

[12] Fedele asserts in his Response that "it was suggested by a member of the court filing department to send all summons
to the acting attorney." (Doc. No. 23 at PageID# 120.) In effect, he defends his failure to serve the Defendants by pointing
to his reliance on erroneous service advice given to him by a member of the Clerk's Office. (Doc. No. 1 at PageID#s 1-
2; Doc. No. 23 at PageID# 120.) But *pro se* litigants rely on advice from court clerks at their peril. *See, e.g.*, *Fenton v.
Story*, 2024 U.S. Dist. LEXIS 13032 at *4-5 (W.D. Mich. Jan. 25, 2024) (quoting *Roosevelt Land. LP v. Childress*, 2006
U.S. Dist. LEXIS 45320 at *2 (D.D.C. July 5, 2006)) ("Failure to follow the rules cannot be excused by blaming court
clerks. The clerk of court is neither obligated nor authorized to provide legal advice to *pro se* litigants."); *Davison v. City
of Lorain*, 2024 U.S. Dist. LEXIS 186874 at *17 (N.D. Ohio Oct. 15, 2024) ("[T]he Court cautions [the *pro se* litigant]
that he cannot seek legal advice or information about his case from the Clerk's Office.") Accordingly, the Court does not
consider Fedele's misplaced reliance on the Clerk's advice in determining whether Fedele has shown good cause.

[13] Specifically, Fedele sent the Summonses and Complaint for Defendants Coyle and Griswald to Attorney Koutras's
address. (Doc. No. 2 at PageID#s 43, 55.) For all the reasons that it is improper to serve the Individual Moving INEOS
Defendants and Defendant Dr. Franley by serving Attorney Koutras, it is improper to serve Defendant Coyle and
Defendant Griswald by serving Attorney Koutras. As discussed above, Fedele admits that no Defendant was served
personally (Doc. No. 23 at PageID# 120), and Fedele does not present any evidence that 6752 Baymeadow Drive, Glen
Burnie, MD 21060 is the location of Defendant Coyle's or Defendant Griswald's "dwelling or usual place of abode," or

discretion to *sua sponte* quash Fedele's attempts to serve them.  *See, e.g., Patel-Julson*, 2013 U.S. Dist. LEXIS 57971 at *9 ("Thus, [the] Court will *sua sponte* quash service as to Defendant Crystals at City Center under Rule 12(b)(5)."); *Robinson*, 2009 U.S. Dist. LEXIS 50396 at *1 ("[T]he Court will *sua sponte* quash Plaintiff's ineffective service on Defendants[.]")

However, because Fedele attempted to serve Defendants Coyle and Griswald and then specifically requested an extension of time within which to properly serve "all Defendants," (Doc. No. 27 at PageID# 141), the Court finds (as it did with respect to the Individual Moving INEOS Defendants and Dr. Franley) that good cause exists for an extension of time for Fedele to perfect service on Defendants Coyle and Griswald.  Accordingly, the Court will allow Fedele an extension of thirty (30) days from the date of this Order (i.e., until February 7, 2025) to properly serve Defendants Coyle and Griswald and file proof of service returned executed on the docket as to these Defendants.

## IV.    Dr. Franley's 12(b)(6) Motion

When a defendant moves to dismiss under both Rules 12(b)(5) and 12(b)(6), the proper course of action is to first determine if service was sufficient, and if so, to subsequently address the merits of the plaintiff's claims.  *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) ("The sequence of decision [plaintiff] describes—first, determine if service of process has been properly accomplished, and only if it has, proceed to the Rule 12(b)(6) determination—is the usual practice."); *Hilska v. Jones*, 217 F.R.D. 16, 22 n.10 (D.D.C. 2003) ("The court need not address defendant Jones's alternative Rule 12(b)(6) motion at this time in light of the court's determination of insufficient service

---

that Attorney Koutras was their agent "authorized by appointment or by law to receive service of process" on their behalf. Fed. R. Civ. P. 4(e)(2)(A)-(C).  So, because Ohio and Maryland service procedures for individuals mirror Fed. R. Civ. P. 4(e)(2), Fedele failed to serve Defendants Coyle and Griswald under Rule 4(e).

of process. Indeed, to proceed to a Rule 12(b)(6) determination, the court must first determine that the plaintiff has properly effected service of process."). By way of example, after granting the *pro se* plaintiff an extension under Rule 4(m), the court in *Nguedi v. Admin. Office of United States Court*, 2024 U.S. Dist. LEXIS 89063 (D.D.C. May 17, 2024) declined to "reach the [defendant's] other arguments for dismissal until service is effectuated" because "the Court currently lacks personal jurisdiction over [the defendant]," and the defendant "will be free to renew its arguments should [the plaintiff] effect service within 45 days[.]" *Id.* at *4-5.

In *McInerney v. Roosen Varchetti & Olivier, PLLC*, 2017 U.S. Dist. 84472 (E.D. Mich. June 1, 2017), the Defendant filed a "Motion to Dismiss, pursuant to both Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6)." *Id.* at *1. Because the court in *McInerney* "agreed that proper service ha[d] not been effected," it concluded as follows:

> The Court denies the motion to the extent that it seeks dismissal of Plaintiff's claims. Instead, the Court shall afford Plaintiff additional time to effect proper service on Defendant. Moreover, because the Court may not exercise power over a defendant absent proper service of process, the Court shall **DENY WITHOUT PREJUDICE** Defendant's Rule 12(b)(6) motion. Defendant may refile its motion if proper service is achieved.

*McInerney*, 2017 U.S. Dist. LEXIS 84472 at *1-2. Because Fedele failed to properly serve Dr. Franley, this Court takes the same approach. Accordingly, the Court denies Dr. Franley's motion pursuant to Rule 12(b)(6) without prejudice and permits him to refile his motion pursuant to 12(b)(6) if Fedele properly perfects service on him.

## V.    Conclusion

Accordingly, and for all the reasons set forth above, the Court construes the Individual Moving INEOS Defendants' and Dr. Franley's Motions to Dismiss under Fed. R. Civ. P. 12(b)(5) (Doc. Nos. 19, 21) as Motions to Quash Service. The Court GRANTS the Individual Moving INEOS

Defendants' and Defendant Dr. Franley's Motions to Quash Service pursuant to 12(b)(5) such that Fedele's attempted service on Defendants Gustavo Lopez, Misty Hejduk, Garrick Brant, Lee Smith, Mark McIntyre, Timothy Moga, and Dr. Nathaniel Franley is hereby QUASHED.

Rather than dismiss these Defendants, the Court hereby GRANTS Fedele's request to extend the time to perfect service on the above Defendants.  Specifically, by no later than thirty (30) days from date of this Order (i.e., by February 7, 2025), Fedele shall properly serve Defendants Lopez, Hejduk, Brant, Smith, McIntyre, Moga, and Dr. Franley and file proof of service returned executed as to these Defendants on the docket.  Fedele is cautioned that failure to properly serve these Defendants (and file proof of service returned executed on the docket as to each Defendant) by this deadline will result in dismissal of that Defendant without prejudice.

In addition, the Court hereby *sua sponte* QUASHES Fedele's attempted service on Defendants Ronald Coyle and Christopher Griswald.  Fedele, however, is granted an extension of time until thirty (30) days from the date of this Order (i.e., until February 7, 2025) to perfect service as to these Defendants and file proof of service returned executed as to these Defendants on the docket.  Failure to do so will result in the dismissal of Defendants Coyle and/or Griswald without prejudice.

In light of the Court's decision to extend time for proper service upon Dr. Franley, the Court DENIES WITHOUT PREJUDICE the Rule 12(b)(6) portion of Dr. Franley's Motion to Dismiss.  If Fedele files proof of proper service returned executed on the docket as to Dr. Franley, Dr. Franley may refile the Rule 12(b)(6) portion of his Motion.

**IT IS SO ORDERED.**

PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  January 8, 2025